## CARMICHAEL *v.* JORDAN *et al.*

Where it appeared from an application for processioning that the applicants and other persons, not named in the application, were tenants in common of the land around which it was sought to have the lines surveyed and marked anew, it was error to overrule a motion of a protestant to dismiss the application on the ground that the other tenants in common were not parties thereto.

Argued June 18,—Decided November 13, 1908.

Processioning. Before Judge Wright. Cobb superior court. December 10, 1907.

*J. Z. Foster* and *J. E. Mozley,* for plaintiff in error.

*Moore & Branch* and *H. B. Moss,* contra.

FISH, C. J.  J. M. Jordan, W. F. Hill, and R. P. Daniel applied to the processioners of the 992nd militia district of Cobb County to have the lines around a parcel of land surveyed and marked anew. The application was as follows: "The application of J. M. Jordan, W. F. Hill, and R. P. Daniel as Deacons of the Collings Springs Primitive Baptist Church of Christ shows that said Church is the owner of a certain tract of land lying and being in said District, containing two acres more or less, and that applicants and other members of said Church are tenants in common in said land. Applicants are authorized to act for other members. Applicants desire the lines around the entire tract of said land to be surveyed and marked anew. The owners of the adjoining lands resident in said State are J. W. Boling, M. M. Brown, as Trustees of the Collings Springs Church Cemetery, and J. H. Carmichael and Dock Fletcher."

Carmichael, being dissatisfied with the lines as run and marked by the processioners and the surveyor, filed his protest thereto; and the proceedings having been entered by the clerk of the superior court in accordance with the statute, the issues made by the protest came on to be heard in that court, and on the trial before a jury a verdict was rendered against the protestant. Carmichael made a motion for a new trial, which being overruled, he excepted. He also excepted to the overruling of certain objections to the application, in the nature of demurrers thereto. One ground of the motion to dismiss the proceedings was because the names of the other members of the church and owners in common of the land, for whom the applicants assumed to act, were not set out in the application. The court erred in not dismissing the proceedings upon this ground. The statute (Civil Code, § 3244) provides, that every owner of land who desires the lines around the same to be surveyed and marked anew shall apply to the processioners to have this done. Manifestly one of several common owners of a tract of land can not, on his application alone, have it processioned. In order that there may be an end of controversies as to the location of land lines, all owners of the land

around which the lines are to be surveyed and marked anew should be made parties to the application, just as all the owners of adjoining lands, if resident within this State, must be notified and, as it were, made parties defendant to the proceeding; otherwise the proceeding would be of no avail. If one of many common owners can proceed, in his own behalf alone, to have the tract of land in which he holds an undivided interest processioned, then the owners of adjoining lands might be harassed by a different proceeding, for a like purpose, separately brought by each of the other common owners. The fact that it was alleged in the application that the applicants were authorized to act for other owners of the land did not cure the defect in the application, it not appearing in what manner such authority was given, so that the question of its sufficiency for the purpose for which it was alleged to have been given might be determined; and besides, there are reasons which might be readily suggested why the owners of the lands adjoining the tract around which the lines were to be run and marked anew were entitled to know who were the applicants and alleged owners of such tract, other than those whose names were signed to the application. One ground of the motion to dismiss was directed at the defect in the application, due to its failure to allege in what way the three applicants were authorized to act for the other common owners of the land in question. As the proceeding should have been dismissed, upon the motion of the protestant, the trial was a nullity; and consequently it is not necessary to deal with the questions raised in the motion for a new trial.

*Judgment reversed. All the Justices concur.*