RAGAN *et al. v.* ROGERS.

FISH, C. J. Lloyd Smith died testate on February 4, 1890, and his will was duly probated in solemn form. He bequeathed and devised all of his property to his widow during her life and widowhood, and directed that it should be kept together and that she should be supported from the income thereof. Item 4 was as follows: "I give and bequeath at the death of my wife, Eliza J. Smith, all of my estate both real and personal, all of which I have mentioned, so far as I can, in this my last will, to Wm. Ragan and his heirs; and said property I do devise to said Wm. Ragan and his heirs, complete and full at the death of my wife, Eliza J. Smith." Wm. Ragan was named as executor and qualified as such, and in his representative capacity took possession of certain land and subsequently sold and conveyed his interest therein. He thereafter, and prior to the death of the life-tenant, died intestate, leaving as his heirs at law several children and grandchildren. After the death of the life-tenant the heirs of Wm. Ragan brought an action to recover the land from one who held the same "under and by virtue of a chain of title originated from said Wm. Ragan and under which said defendant now claims to own said land." The petition alleged that there had never been any administration upon the estate of Wm. Ragan. *Held,* that under the devise to Wm. Ragan and his heirs in remainder, his children took no interest in the land devised, but the vested-remainder interest was exclusively in him, and he had the right to sell and convey his interest in the land before the death of the life-tenant; and the direction in the will that all of the testator's property should be kept together during the life or widowhood of his widow, and that she should be supported from the income derived therefrom, did not deprive the remainderman from selling and conveying his remainder interest in the land in controversy. *Thomas* v. *Owens,* 131 *Ga.* 248, 254 (62 S. E. 218), and cases cited; Civil Code, § 3659.

The petition, the material allegations of which are heretofore set forth, was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*
MAY 17, 1917.

Complaint for land. Before Judge Graham. Dodge superior court. May 17, 1916.

*C. W. Griffin,* for plaintiffs. *Roberts & Smith,* for defendant.