## ALLEN *v.* GATES *et al.; et vice versa.*

BECK, P. J. 1. When this case was formerly here (145 *Ga.* 652, 89 S. E. 821), it was held that the petition stated a cause of action and should not have been dismissed on general demurrer. But it was then ruled that certain special demurrers pointing out defects in the petition were meritorious. These, however, were met by sufficient amendments, except in one particular, that is, in the matter of the allegation that the purchaser at the tax sale schemed with the town marshal to have the lot sought to be redeemed sold. While this allegation was somewhat vague, we do not think it was of such materiality as to make it proper to reverse the judgment on the ground that the court did not require this allegation to be amended.

2. Where a suit to recover land was based upon the ground that the defendant was a purchaser at a tax sale and that the land had been redeemed by proper tenders within the time allowed by law, and by amendment it was alleged that the sale was void, a demurrer on the ground that the amendment set up a new cause of action was a special demurrer, and could not be successfully urged at a term subsequent to that at which the amendment was offered and allowed without objection. And while, perhaps, it is better practice to strike an amendment, upon motion, when it is made too late, the overruling of the amendment in this case had the same effect; and a proper result having been reached, the judgment will not be reversed.

3. Exceptions not covered by the foregoing rulings are without merit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 321, 322. FEBRUARY 15, 1918.

Equitable petition. Before Judge Meldrim. Chatham superior court. April 10, 1917.

*William M. Farr,* for plaintiff in error. *Simon N. Gazan,* contra.