HOLMAN MULE COMPANY *v.* BULLARD.

No. 9013.   NOVEMBER 17, 1932.

902

*E. L. Smith & Son*, for plaintiff. *A. L. Miller*, for defendant.

HILL, J. (After stating the foregoing facts.)

■ The record shows that in 1916 Mrs. Sarah Bullard was seized and possessed of 154 acres of land in Calhoun County. She had six children, among them W. W. Bullard and J. M. Bullard. W. W. Bullard wished to pay off his debts. Mrs. Bullard, according to the evidence, consented for W. W. Bullard to sell a one-sixth undivided interest in the land to his brother, J. M. Bullard. Accordingly, on June 9, 1916, W. W. Bullard executed to J. M. Bullard a warranty deed to "all that tract or parcel of land situated, lying, and being in the County of Calhoun, said State, as follows: a one-sixth undivided *remainder interest* [italics ours] in and to 154 acres of land," describing it. Just how Mrs. Sarah Bullard acquired title to the land does not appear from the record; but it does appear that she was in possession of the land, and gave her consent and authority to W. W. Bullard to execute the deed in question to J. M. Bullard, and that thereafter J. M. Bullard went into possession of the land, collected the rents and appropriated them to his own use, and paid the taxes on the land, and that neither Mrs. Sarah Bullard nor any of the children objected thereto. It therefore appears from the deed that the interest sold was a remainder interest before the death of Mrs. Sarah Bullard. It has been held that a remainder-man can sell his remainder interest in land. *Crossley* v. *Leslie,* 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703); *Ragan* v. *Rogers,* 146 *Ga.* 818 (92 S. E. 647). Under the facts as disclosed by the record the verdict directed was demanded by the evidence, and was the only verdict which could have been legally rendered.

■ The court did not err in overruling the demurrer to the amendment of the claim.

■ The admission of the testimony objected to was not cause for a reversal for any reason assigned. Nor was it error to admit the deed over the objection that it purported to sell a mere expectancy. The deed does show that it conveyed a remainder interest of W. W. Bullard in the land, and he could sell his remainder interest. There is nothing in the record to show that he did not have such remainder interest. The court did not err in directing the verdict, and in refusing a new trial.

*Judgment affirmed. All the Justices concur.*