## LYNCH ENTERPRISE FINANCE CORPORATION *v.* REALTY CONSTRUCTION COMPANY.

ATKINSON, J. 1. The motion to dismiss the writ of error is without merit.

2. Equity has jurisdiction to reform written instruments where there has been a mistake on the part of one of the parties, accompanied by fraud on the part of the other party, just as in cases where there is a mutual mistake. *Venable* v. *Burton,* 129 *Ga.* 537 (69 S. E. 253); *Gibson* v. *Alford,* 161 *Ga.* 672, 683 (132 S. E. 442); *Hunnicutt* v. *Archer,* 163 *Ga.* 868 (2) (137 S. E. 253), and cit.

3. Fraud may exist from misrepresentation by one party which does actually deceive the other party, though the party making it was not aware that his statement was false. Civil Code, § 4113; *Gibson* v. *Alford,* supra. But the complaining party must act within a reasonable time. Civil Code, § 4580; *Keith* v. *Brewster,* 114 *Ga.* 176 (39 S. E. 850). There is no fraud if the other party knows that the representation is false. *Cheney* v. *Powell,* 88 *Ga.* 629 (15 S. E. 750). In the circumstances alleged in the petition, the plaintiff having entered into the contract of April 15, 1929, revising and modifying the contract of May 25, 1928, and received benefits thereunder, it was incumbent on the plaintiff, in order to obtain equitable relief based on the alleged false representations, to allege that it did not know that the representations were false at the time it entered into the second contract, and that it complained within a reasonable time after discovery of the fraud. There being no such allegations, the judge erred in overruling the general demurrer to the petition.           *Judgment reversed. All the Justices concur.*

No. 8844. MARCH 4, 1933.

*Jones, Evins, Powers & Jones,* for plaintiff in error.
*Winfield P. Jones, McDaniel, Neely & Marshall,* and *Burdine, Terry & Fleming,* contra.