AYCOCK *v.* WILLIAMS *et al.*

No. 11973. FEBRUARY 17, 1938. REHEARING DENIED MARCH 16, 1938.

*Hitch, Denmark & Lovett* and *R. W. McDuffee,* for plaintiff in error.

*Fleming & Fleming* and *L. P. Strickland,* contra.

BELL, Justice. Jonas Williams and others brought an action against Leon Aycock, to recover a described tract of land, and for other relief. The petition alleged substantially the following: The plaintiffs are the heirs of J. R. Williams, deceased, who in 1902, as the owner in fee simple of the land in question, had it set apart as a homestead for the benefit of his wife, Louisa, and named minor children. All of the children are now of age, and Louisa, the last beneficiary, died on January 2, 1936; thus terminating the homestead interest, and placing the title to the land in the plaintiffs as the heirs of J. R. Williams. Leon Aycock is in possession of the land, claiming title through "some illegal and void conveyances," based on an order of the judge of the superior court, dated June 5, 1919, allowing J. R. Williams and his wife, Louisa, to convey to their son J. C. Williams the homestead interest in consideration of his suporting them for the remainder of their lives. Copies of the application and order and of the deed made in pursuance thereof were attached to the petition. The order was as follows: "The petition and exhibits in the above-stated matter being

presented to me in due and ancient form, and the same conforming to the statutes in such cases made and provided, and believing that in view of the advanced ages of the said J. R. and Louisa Williams, sole and exclusive beneficiaries under the homestead, that the plan adopted for the alienation of the homestead comes within the purview of the law, the said J. R. and Louisa Williams are hereby authorized and empowered to make a deed of conveyance of said described homestead lands and tenements to their son J. C. Williams, who by the record agrees to accept same upon the same terms and uses as originally granted, and for no other purposes whatsoever. It is therefore considered, ordered, and adjudged by the court that the prayer of petitioner be and the same is hereby granted, in terms of the laws in such cases made and provided."

The material portions of the deed from J. R. Williams and Louisa Williams to J. C. Williams, dated December 1, 1919, were as follows: "The party of the first part, for and in consideration of the sum of five dollars in hand paid, the receipt whereof is hereby acknowledged, hath granted, sold, and conveyed unto the said party of the second part, his heirs and assigns, [the tract of land in controversy]. This deed of conveyance is intended to convey the within tract of land to the said J. C. Williams for the natural life-time of the said J. R. and Louisa Williams. The said J. C. Williams to have the undisputed possession of said land during the remainder of the lives of his said father and mother, and, at their death, to be divided between all of the children of the parties of the first part. The said J. C. Williams is to care, clothe, feed, and protect his parents, the said J. R. and Louisa Williams, the remainder of their lives in conformity and as authorized by Judge Henry C. Hammond, Judge of Jenkins Superior Court, in order granted June 5th, 1919. Which said tract or parcel of land the said party of the first part will well and truly warrant and defend from the claim of all persons whatsoever, unto the said party of the second part, his heirs and assigns forever, in fee simple." This deed was not made in pursuance of an order allowing a sale for the purpose of reinvestment, and a transfer for any other purpose could carry title to nothing more than the homestead interest, which has expired. The defendant has refused the plaintiffs' demand for possession and past-due rent of said property, and the rentals or mesne profits are reasonably worth $10 per month. The

prayers were, (1) that the fee simple title to the property be adjudged in plaintiffs as heirs of the estate of J. R. Williams; (2) that any outstanding conveyances of the property to the defendant, or other parties, be canceled as a cloud on plaintiffs' title; (3) for judgment against defendant for mesne profits; (4) for general relief; and (5) for process.

The defendant demurred to the petition both generally and specially; but before the demurrers were passed on by the court, the plaintiffs amended their petition. The amendment struck the portions of the original petition wherein it was alleged that the deed of December 1, 1919, from J. R. Williams and Louisa Williams to J. C. Williams, was a valid conveyance of nothing more than the homestead interest, and that, this interest having expired, the title to the land was in plaintiffs as the heirs of the estate of J. R. Williams, deceased. In lieu of the stricken allegations, it was alleged in effect that the children of J. R. Williams and Louisa Williams were the grantees of the reversionary interest under the deed of December 1, 1919; and it was prayed that title to the property be adjudged in the plaintiffs as grantees, and heirs of grantees, under this deed, rather than as heirs of the estate of J. R. Williams. The prayer asking for cancellation of deeds was also stricken. It was alleged in the answer of the defendant that the conveyance of December 1, 1919, by J. R. Williams and Louisa Williams to J. C. Williams "vested in J. C. Williams only an estate for the lives of the grantors, the reversionary interest remaining in J. R. Williams," and "when on February 7, 1922, J. R. Williams and J. C. Williams joined in the execution of a 'warranty deed with power of sale' in favor of C. C. Woods and to secure a loan, the said security deed conveyed the life interest of J. C. Williams and the reversionary interest of J. R. Williams." It was further alleged that C. C. Woods foreclosed this security deed, and on December 30, 1929, obtained a deed conveying the title to the property in dispute. "Defendant claims ownership to the property in dispute by virtue of sundry conveyances which trace his title back to C. C. Woods." The answer further alleged that the plaintiffs had not offered to reimburse the defendant for $300 spent for improvement and preservation of the property. The court overruled the demurrers to the petition as amended, and the defendant excepted pendente lite. The trial of the case on its merits

before the judge, by consent without a jury, resulted in a judgment in favor of the plaintiffs. The defendant excepted, assigning error upon this judgment and on the overruling of his demurrers. The assignments of error will be sufficiently indicated in the opinion which follows.

■ It is contended by the plaintiff in error, the defendant in the court below, that the court erred in overruling his general demurrer to the petition as amended. The asserted basis for this contention is that the amendment to the petition alleged a new and distinct cause of action, not that the petition as amended did not allege a cause of action. Under the original petition the plaintiffs took the position that title to the land descended to them as the heirs of J. R. Williams; whereas under the amendment the plaintiffs claimed title, some as grantees, and others as heirs of grantees, of the remainder or reversionary interest under the deed from J. R. Williams and his wife to J. C. Williams. We do not deem it necessary, however, to decide whether the amendment alleged a new and distinct cause of action, contrary to section 81-1303 of the Code. See, in this connection, *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968 (2), 975 (34 S. E. 142); *Williams* v. *Rosette*, 177 *Ga.* 528 (2). (170 S. E. 373). In order to authorize this court to reverse a judgment allowing an amendment to a pleading, the record must show not only that objection to the allowance of such amendment was made at the time the same was allowed, but also the ground of such objection. *McCowan* v. *Brooks*, 113 *Ga.* 532 (4), 536 (39 S. E. 115); *White* v. *Little*, 139 *Ga.* 522 (2-a) (77 S. E. 646); *Callaway* v. *Beauchamp*, 140 *Ga.* 207 (78 S. E. 846); *Tyus* v. *Duke*, 178 *Ga.* 800 (4) (174 S. E. 527). The present record does not show that the defendant objected in the lower court to the allowance of the amendment by special demurrer or otherwise. An objection to an amendment on the ground that it alleges a new cause of action is in the nature of a special demurrer, and is not raised by a mere general demurrer to the petition as amended. *Dyson* v. *Southern Railway Co.*, 113 *Ga.* 327 (4) (38 S. E. 749); *Allen* v. *Gates*, 147 *Ga.* 649 (2) (95 S. E. 231); *Industrial Life & Health Ins. Co.* v. *Warren*, 44 *Ga. App.* 357 (161 S. E. 627).

The court did not err, for the reason urged, in overruling the general demurrer. The only ground of special demurrer which *is*

insisted upon in this court objected to one of the plaintiffs' allegations as to invalidity of deeds under which the defendant claimed, upon the grounds that copies of the deeds were not attached as exhibits, and that the allegation was a conclusion of the pleader. It appears from the petition and the answer and from the facts developed upon the trial that the overruling of this ground of demurrer was harmless, if erroneous. *Ellis* v. *First National Bank of Atlanta,* 182 *Ga.* 641 (4) (186 S. E. 813) ; *Cline* v. *Nelson,* 46 *Ga. App.* 600 (2) (168 S. E. 70).

■ It is contended that the court erred in finding in favor of D. C. Williams, one of the plaintiffs, for the alleged reason that it was established by the evidence that this plaintiff did not authorize the suit. There is no merit in this contention. J. C. Williams, one of the plaintiffs, testified on the trial of the case that he supplied the plaintiffs' attorney with the names of the plaintiffs, including that of D. C. Williams. He further stated that so far as he knew D. C. Williams had never authorized the bringing of the suit. No further evidence was introduced upon this issue, and no motion was made to inquire into the authority of the attorneys who represented the plaintiffs. Section 9-604 of the Code is as follows: "The presiding judge or justice may, on motion of either party, and on showing reasonable grounds therefor, require any attorney who assumes the right to appear in the cause to produce or prove the authority under which he appears, and to disclose, whenever pertinent to any issue, the name of the person who employed him, and may grant any order that justice may require on such investigation; but, prima facie, attorneys shall be held authorized to properly represent any cause they may appear in." The petition in the instant case was signed by counsel as "attorneys for plaintiffs," and the presumption is that they were authorized to represent all of the plaintiffs named in the petition. There being no evidence to overcome this presumption, the court did not err in finding that the suit was authorized by D. C. Williams. *Lester* v. *McIntosh,* 101 *Ga.* 675 (2) (29 S. E. 7); *Workingmen's Union Association* v. *Reynolds,* 135 *Ga.* 5, 7 (68 S. E. 697).

■ The court did not err in construing the deed of December 1, 1919, from J. R. Williams and Louisa Williams to J. C. Williams as conveying to the grantee only an estate for the lives of the grantors, with remainder over to the children of the grantors,

as against the contention that it was a conveyance of the fee-simple title to J. C. Williams. While the deed contained some language appropriate to a grant of a fee-simple title, it is apparent from the instrument, considered as a whole, that it was intended to grant only a life-estate to J. C. Williams. This intention is clearly expressed by the following clauses: "This deed of conveyance is intended to convey the within tract of land to the said J. C. Williams for the natural lifetime of the said J. R. and Louisa Williams. Said J. C. Williams to have the undisputed possession of said land during the remainder of the lives of his said mother and father, and, at their death, to be divided between all of the children of the parties of the first part." The Code declares: "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." § 29-109. "In the construction of deeds, as well as other contracts, the paramount, essential, and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect regardless of mere literal repugnancies in different clauses of the conveyance." *Keith* v. *Chastain,* 157 *Ga.* 1 (121 S. E. 233); *Thurmond* v. *Thurmond,* 88 *Ga.* 182 (14 S. E. 198); *Ward* v. *Ward,* 176 *Ga.* 849 (3) (169 S. E. 120). It is contended that this construction of the deed is erroneous, because the proceedings before the judge of the superior court for leave to alienate the homestead estate show that it was the intention of the grantors to convey a fee-simple estate. We can not agree that such an intention is shown by these proceedings. They do not disclose what estate was to be conveyed to J. C. Williams, but show only that authority was granted to J. R. and Louisa Williams to "make a deed of conveyance" to him. In these circumstances, the deed executed in pursuance of these proceedings would of course control as to the estate conveyed. The deed made a conveyance of the reversionary interest in the homestead, on the conditions therein stated. *Donalson* v. *Yeates,* 173 *Ga.* 30 (2) (159 S. E. 856); *Wardlaw* v. *Woodruff,* 175 *Ga.* 515 (5) (165 S. E. 557). It conveyed to J. C. Williams an estate for the lives of the grantors, with remainder to the children of the grantors. Code, § 85-504; *Cobb* v. *Wrightsville & Tennille Railroad Co.,* 129 *Ga.* 377 (58

S. E. 862); *Henderson* v. *Kemp,* 155 *Ga.* 489 (117 S. E. 244).

█ It is urged that the court erred in rendering judgment in favor of J. C. Williams, for the reason that this plaintiff had parted with all of his title and interest in the property, and that his interest was vested in the defendant. On the trial of the case the defendant introduced in evidence the deeds comprising the chain of title under which he claimed the land. The basis of his claim was a security deed from J. R. Williams and J. C. Williams to C. C. Woods, dated February 7, 1922, conveying the land in controversy, and containing the following habendum clause: "To have and to hold said land and its appurtenances unto the said C. C. Woods, his heirs, administrators, successors, and assigns, in fee simple; and we warrant the title to said land against the lawful claims of all persons whomsoever." The land was-sold under the power of sale contained in this deed, and the defendant showed title in himself through a chain of title based upon the deed executed in pursuance of this sale. The question is whether J. C. Williams by the security deed of February 7, 1922, conveyed not only his life-estate but also his interest as a remainderman under the deed of December 1, 1919. It has been held that a remainderman can sell his remainder interest in land. *Crossley·* v. *Leslie,* 130 *Ga.* 782 (5) (61 S. E. 851, 14 Ann. Cas. 703); *Ragan* v. *Rogers,* 146 *Ga.* 818 (92 S. E. 647); *Holman Mule Co.* v. *Bullard,* 175 *Ga.* 900 (2) (166 S. E. 825). Since J. C. Williams did not reserve any interest in the land in executing the security deed, but, on the contrary, purported to convey the entire fee, our conclusion is that this deed was effective to pass title to all his interest, both as a life-tenant and as a remainderman. The life-estate having terminated, the defendant is now the owner of this remainder interest of J. C. Williams, and therefore the defendant and the other plaintiffs are tenants in common. The fact that J. R. Williams signed the security deed could not affect the title, since he had previously conveyed all his interest in the land by the deed referred to in the preceding division of this opinion. It follows from what has been said that the court erred in finding in favor of J. C. Williams and that the judgment should be reversed for this reason. Whether or not less than all the plaintiffs may recover in the action as brought is a question upon which no decision is required under the instant record. See Code, § 33-103; *Whigby*

v. *Burnham,* 135 *Ga.* 584 (4) (69 S. E. 1114); *Medlock* v. *Merritt,* 102 *Ga.* 212 (5) (29 S. E. 185).

*Judgment reversed. All the Justices concur.*