CITY OF ROME *et al. v.* FIRST NATIONAL BANK OF ROME, executor, *et al.*

No. 12720. June 16, 1939.

*Nathan Harris, Lanham & Parker, Wright & Covington,* and *Leon Covington,* for plaintiffs in error.

*Henry J. Fullbright Jr., Barry Wright,* and *Maddox & Griffin,* contra.

BELL, Justice.  E. G. Peters and May Realty Company filed a suit for injunction and other equitable relief against the City of Rome, Miss Alida Printup, Mrs. Ava Printup Harris, and Leon Covington.  The object of the suit was to prevent the closing of an alley adjacent to buildings owned by the plaintiffs respectively in the City of Rome.  Pending the litigation E. G. Peters died, and the First National Bank of Rome, his executor, was made a party in his stead.  Miss Printup and Mrs. Harris filed a general and special demurrer to the petition, and thereafter the City of Rome and Leon Covington filed demurrers, joining in the demurrer filed by the other defendants.  Later all of the defendants together filed a special demurrer.  The plaintiffs offered an amendment, which the court allowed.  No objection appears to have been

made to the allowance of this amendment, but afterwards the defendants demurred to it, and to the petition as amended, and renewed all grounds of their previous demurrers. The court overruled the demurrers, and the defendants excepted.

■ If the strip of land in controversy was in fact a public alley at the time this suit was filed, any person whose property rights would be specially injured by an unauthorized abandonment or obstruction of it would be entitled to maintain an action to prevent such injury. The present petition showed sufficient facts to entitle the plaintiffs to sue for the protection of their private interests, provided other facts essential to a cause of action were stated. *Coker* v. *Atlanta, Knoxville & Northern Railway Co.*, 123 *Ga.* 483 (3) (51 S. E. 481) ; *Central of Georgia Railway Co.* v. *Bibb Brick Co.*, 145 *Ga.* 149 (88 S. E. 676). There is no merit, therefore, in the grounds of demurrer to the effect that there is no sufficient allegation that the plaintiffs or either of them ever had title to the land involved.

■ In paragraph 6(b) of the original demurrer the defendants demurred to paragraph 7 of the original petition. The grounds were in effect that this paragraph makes no charge, and does not plainly, fully, and distinctly set forth the plaintiffs' claim, but is a mere attempt to plead evidence, without disclosing to the defendants the plaintiffs' purpose. These grounds should have been sustained. The deed from John H. Lumpkin and Daniel S. Printup, as referred to in that paragraph of the petition, did not describe any property which can be identified from this or any other part of the petition as being either the strip of land in controversy or as being the land of E. G. Peters adjacent thereto. Nor did this deed show that the heirs of Printup have no title or interest in the area in controversy. The deed may actually have some relevancy to the case, but this fact does not appear, since the description contained therein is not shown to apply to the present subject-matter. Furthermore, as charged in the demurrer, it appears that the plaintiffs have pleaded this deed as evidence, and yet it is not disclosed with sufficient certainty for what purpose this deed was brought into the case.

The allegations of paragraph 9 were demurred to on similar grounds. (See original demurrer, grounds 7(c-1), (c-2)). For the reasons just stated, these grounds of demurrer were well taken.

The same is true of grounds 8(c-1), (c-2), assailing the allegations of paragraph 10, and of grounds 9(c-1), (c-2), referring to paragraph 11.

■ Paragraph 10 of the demurrer was aimed at the 14th paragraph of the petition, alleging that the city attorney of Rome had written to the plaintiff Peters a letter to the effect that the city had taken a stated position, adverse to the defendants, regarding "this alley" and the rights of "the Printup estate." The grounds of demurrer were that the petition did not show any authority in the attorney to bind the City of Rome or any one else by such letter, and that this paragraph is only an attempt to plead inadmissible evidence. The demurrer to this paragraph was well taken, and should have been sustained.

■ Paragraph 12 of the petition was as follows: "Ever since said time, the said alley has been open, has been used continuously by the public, has not been assessed for any taxes by the City of Rome, has not been assessed for any street improvement by the City of Rome, but has always been recognized by the City of Rome as a public alley, and has been maintained as such." The phrase, "ever since said time," evidently refers to the year 1879, as mentioned in the next preceding paragraph; but what do the words, "the said alley," mean? Do they refer to the strip of land described in the resolution mentioned in paragraph 3, or to the "alley" mentioned in the deeds which are referred to in paragraphs 9 and 10? If to the latter, the phrase is too indefinite as a description of the subject-matter of the litigation, because the property described in the deeds may or may not embrace this subject-matter, there being, as stated above, nothing to apply the descriptions thereto. But even assuming that paragraph 12 was intended to refer to the strip of land described in the resolution, that is, to the strip which we take to be the land in controversy, the allegations in paragraph 12 regarding "the said alley" were yet subject to special demurrer on at least some of the grounds of demurrer urged. The allegations of this paragraph were demurred to on the grounds, among others, that they did not show how or in what manner the property involved became a public alley, whether by dedication or otherwise, how or in what manner the City of Rome always recognized the same as a public alley, or in what manner the City of Rome has maintained the same as such. (Joint

demurrer filed by all of the defendants on March 26, 1938, ground 1 (a), (b), (c)). Considered as a whole, the petition does not even show who was the owner from whom "the said alley" was derived, nor how it became a public alley. If by dedication, who dedicated it? Was the dedication express or implied? If it was condemned, who was the condemnee? Since the law provides several methods by which property may be changed from a private to a public use, the defendants were entitled to information upon these points, as called for by the demurrer, for the purpose of preparing their defense, if any. Code, §§ 36-301 et seq., 81-101; *Southern Railway Co.* v. *Combs,* 124 *Ga.* 1004 (2), 1010 (53 S. E. 508) ; *L. & N. Railroad Co.* v. *Hames,* 135 *Ga.* 67 (68 S. E. 805). It might be true in a given instance that a street or alley or other public thoroughfare has been in use for such a great length of time that neither public record nor the memory of man could disclose how or in what manner it came into such use. We do not mean to say that in such case the law would require a pleader to give more information than he could reasonably obtain. In the instant case, however, the plaintiffs do not allege any reason for their failure to plead the facts necessary to establish their contention. The defendants were also entitled to know how or in what manner the plaintiffs contended the City of Rome recognized this property as a public alley, and in what way the city had maintained the same as such. That is to say, what were the acts of the city in regard to these matters. *Payne* v. *Allen,* 155 *Ga.* 54 (116 S. E. 640) ; *Tietjen* v. *Meldrim,* 169 *Ga.* 678, 694 (151 S. E. 349).

■ As indicated above, the amendment to the petition was allowed without objection. This being true, it was not subject to the demurrer afterwards interposed upon the ground that it stated a new cause of action. *Dyson* v. *Southern Railway Co.,* 113 *Ga.* 327 (4) (38 S. E. 749) ; *Allen* v. *Gates,* 147 *Ga.* 649 (2) (95 S. E. 231) ; *Aycock* v. *Williams,* 185 *Ga.* 585 (196 S. E. 54). This amendment as a whole, however, was subject to demurrer, as contended in the second ground of the demurrer filed on December 16, 1938. This is true because the conclusions stated in the amendment as to the manner in which the strip of land had become an alley were based expressly upon an answer of the City of Rome filed in a proceeding in the superior court of Floyd County in 1884, a copy of the answer being set forth as an exhibit to the

amendment. In these circumstances, the conclusions will be no stronger than the facts shown by the exhibit, and will go for naught if the facts do not support them. *Shingler* v. *Furst,* 176 *Ga.* 497, 499 (168 S. E. 557); *Reese* v. *Southern Railway Co.,* 35 *Ga. App.* 369 (133 S. E. 284). On examining the document attached as "Exhibit A," it is impossible to say what property was therein referred to, or to apply the description therein contained to the "alley" here in controversy. Was it the same "alley?" The pleadings do not show.

■ There was no misjoinder of parties plaintiff or parties defendant, nor was the petition multifarious. Accordingly, there was no merit in any of the demurrers pertaining to these matters. Since the rulings made above will require material amendments to the petition in order for it to withstand the special grounds of demurrer indicated, and since it may then present an entirely different appearance, this court will not at this time pass on the general demurrer or upon the remaining grounds of special demurrer. Compare *Southern Railway Co.* v. *Rollins,* 45 *Ga. App.* 270 (3) (164 S. E. 216).

*Judgment reversed. All the Justices concur.*