18383. FOSKEY *et al.* v. LAWTON *et al.*

HEAD, Justice. 1. A remainderman may sell his remainder interest in land. *Holman Mule Co.* v. *Bullard,* 175 *Ga.* 900 (2) (166 S. E. 825); *Aycock* v. *Williams,* 185 *Ga.* 585 (196 S. E. 54). Where a conveyance of land is attacked by the grantor for alleged fraudulent acts of the grantee, specific acts of fraud must be alleged. Mere general allegations are insufficient. *Jones* v. *Robinson,* 172 *Ga.* 746 (3c) (158 S. E. 752).

2. On general demurrer the allegations of a petition will be construed most strongly against the pleader. In this case it is not alleged that the petitioners were prevented from discovering the alleged fraudulent conduct of the defendants, or that they did not in fact discover the fraud, immediately after the execution of the first deed in 1936. One who seeks to avoid the fraudulent acts of another must move within a reasonable time after discovery of the fraud. *Lynch Enterprise Finance Corp.* v. *Realty Construction Co.,* 176 *Ga.* 700 (168 S. E. 782). It has been held that, where fraud is relied upon, the complaining party, if laboring under no disabilities, must move within seven years of the date of the discovery of the fraud. *Hadden* v. *Thompson,* 202 *Ga.* 74, 78 (42 S. E. 2d 125). Under the foregoing rulings, the trial court properly sustained the general demurrers and dismissed the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

SUBMITTED OCTOBER 13, 1953—DECIDED NOVEMBER 9, 1953.

*J. A. Merritt,* for plaintiffs in error.

*N. G. Reeves, Jr.,* contra.

Marvin Foskey, Thelma Foskey, Ruby Foskey Bass, John Edison Collins, and Lawson Collins, as next friend for Mary Gene Collins, minor child of Essie Foskey Collins, filed a petition against James M. Lawton and others, to cancel certain deeds attached to their petition as an exhibit, and for other relief.

It appears that on October 9, 1916, Mrs. A. A. Foskey conveyed to John W. Foskey described lands "for and during his natural life, and at his death, to go to the heirs of body born and to be born, so that each heir of the said John W. Foskey, born and to be born will own an equal share of said property." On May 23, 1936, Essie Mae Collins, Ruby Bass, Marvin Foskey, and Thelma Foskey, "for and in consideration of the sum of one dollar and love and affection," conveyed to J. W. Foskey the lands described in the deed from Mrs. A. A. Foskey to John W. Foskey. On November 1, 1946, the grantors in the deed to

John W. Foskey, above referred to, joined with John W. Foskey in conveying the lands to Curtis A. Bass. John W. Foskey had conveyed the lands by deed to secure debt to the Bank of Soperton on February 11, 1929, and by deed to secure debt dated January 7, 1933. On May 2, 1939, the Bank of Soperton, as attorney in fact for J. W. Foskey, conveyed the lands to the Bank of Soperton. The deed recites: default in the payment of notes to the Bank of Soperton, under the provisions of deeds to secure debt; advertisement in the official organ of Treutlen County; and sale at public outcry within the legal hours of sale on the date of the execution of the deed. On December 5, 1945, the Bank of Soperton conveyed the lands to C. A. Bass. On December 6, 1945, C. A. Bass conveyed a substantial part of the lands to Leonard Connell and Mrs. Elma Connell, and the Connells conveyed the property to James M. Lawton, on September 11, 1948.

The petition refers to the foregoing deeds and recites that the petitioners executed the deed dated May 23, 1936, to John W. Foskey, and that the deed is recorded in the clerk's office of Treutlen County. The petition also recites the execution of the deed with John W. Foskey to Curtis A. Bass, and it is alleged that "said instrument was signed and delivered to John W. Foskey without any consideration being passed to either of your petitioners, even though it is shown by said deed that there was a consideration of $5 and other valuable consideration." It is not alleged that any of the grantees in either deed were laboring under any disabilities at the time they signed the deeds. It is alleged that at the time of the signing of the deeds by the petitioners, "all the considerations being shown in all of the deeds and conveyances . . . were for Curtis A. Bass' and John W. Foskey's debts, . . . your petitioners having no knowledge of the scheme of Curtis A. Bass and the Bank of Soperton in collecting the indebtedness owing to said bank by John W. Foskey and Curtis A. Bass, all of same being a fraudulent act on the part of Curtis A. Bass and the Bank of Soperton." It is further alleged that the aforesaid grantees did not purchase the lands in good faith and "all knew that said transactions were not in good faith on their part."

By amendment it is alleged that both of the deeds signed by

the petitioners "are void because they were not only obtained by the fraudulent schemes of the defendants," but it is alleged that Mrs. Ruby Foskey Bass and Mrs. Essie Foskey Collins were married and their property could not be subjected to the debts of their father. "The fraudulent statements, schemes and other fraudulent acts of the defendants were made with the full knowledge of the terms and stipulations set forth in the A. A. Foskey deed made October 9, 1916, and the same was a common enterprise with the object and purpose of avoiding the wishes, intentions and desires of the aforesaid deed made by Mrs. A. A. Foskey." It is alleged that "Curtis A. Bass and John W. Foskey . . . singled each of these plaintiffs one at a time and went wherever he or she was and stated to them that they had a paper for them to sign, never explaining to them the contents of the paper they wanted them to sign. The only thing they told them was that they were in a mess of trouble about selling property under lien, mortgaging property they did not have, and making whisky, and begged them to sign the paper. They also told them they were getting other people to do the same thing, as they would have to have a good recommendation if and when they did have to go before the Federal court, and also the State court for other crimes. They made no further explanation. They signed the same because of the confidential relationship existing between them as husband, father and brother-in-law, as aforesaid. . . . As to money or other considerations that was never mentioned to them. All of these statements were untrue and false with the exception of a case which was made against John W. Foskey in Federal court. . . The aforesaid conveyances were procured by the defendants without ever disclosing to the plaintiffs a single one of their intentions, and that neither of the defendants were acting in good faith in all of their fraudulent combine, . . . and all their acts was a fraud in each and every instance."

General demurrers to the petition were sustained and the exception is to that judgment.