210 Ga. 193 (1953)
78 S.E.2d 505
FOSKEY et al.
v.
LAWTON et al.
18383.
Supreme Court of Georgia.
Submitted October 13, 1953.
Decided November 9, 1953.
J. A. Merritt, for plaintiffs in error.
N. G. Reeves, Jr., contra.
*195 HEAD, Justice.
1. A remainderman may sell his remainder interest in land. Holman Mule Co. v. Bullard, 175 Ga. 900 (2) (166 S. E. 825); Aycock v. Williams, 185 Ga. 585 (196 S. E. 54). Where a conveyance of land is attacked by the grantor for alleged fraudulent acts of the grantee, specific acts of fraud must be alleged. Mere general allegations are insufficient. Jones v. Robinson, 172 Ga. 746 (3c) (158 S. E. 752).
2. On general demurrer the allegations of a petition will be construed most strongly against the pleader. In this case it is not alleged that the petitioners were prevented from discovering the alleged fraudulent conduct of the defendants, or that they did not in fact discover the fraud, immediately after the execution of the first deed in 1936. One who seeks to avoid the fraudulent acts of another must move within a reasonable time after discovery of the fraud. Lynch Enterprise Finance Corp. v. Realty Construction Co., 176 Ga. 700 (168 S. E. 782). It has been held that, where fraud is relied upon, the complaining party, if laboring under no disabilities, must move within seven years of the date of the discovery of the fraud. Hadden v. Thompson, 202 Ga. 74, 78 (42 S. E. 2d 125). Under the foregoing rulings, the trial court properly sustained the general demurrers and dismissed the petition.
Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.