### 38797. KING SALES COMPANY, INC. *et al.*
### v. McKEY.

DECIDED JUNE 28, 1961.

*Bruce B. Edwards,* for plaintiffs in error.

*Bullock, Yancey & Mitchell, Kyle Yancey,* contra.

FRANKUM, Judge. ■ "A promise to do a certain thing for the benefit of the promisee, made to induce his entrance into a contract, the promisee earnestly believing that he would receive the benefits consequent upon the fulfillment of the promise, when at the time of making the promise there was no intention on the part of the promisor to fulfill it, but on the contrary the promise was made with intent not to fulfill it and was uttered as a mere scheme or device to defraud, is such a fraud as will void any contract induced thereby. A promise thus fraudulently made will authorize rescission of a written instrument purporting to be a contract." *Coral Gables Corp. v. Hamilton,* 168 Ga. 182 (8) (147 SE 494). See also *Floyd v. Morgan,* 62 Ga. App. 711 (9 SE2d 717); *Dye v. Wall,* 6 Ga. 584; *Penn Mutual Life Ins. Co. v. Taggart,* 38 Ga. App. 509 (144 SE 400); *Deibert v. McWhorter,* 34 Ga. App. 803 (132 SE 110).

"A material representation falsely made by a vendor to a vendee to induce a sale, and made with knowledge of its falsity and acted upon to the vendee's injury, amounts to actual fraud (*Emlen v. Roper,* 133 Ga. 726 (2), 66 SE 934; *Brannen v. Brannen,* 135 Ga. 590, 69 SE 1079; *Mangham v. Cobb,* 160 Ga. 182, 185, 127 SE 408), and will void a contract (Civil Code, § 4254), and authorize rescission by the vendee if he acts promptly after discovery of the fraud and restores or offers to

restore whatever of value he has received by virtue of the contract." *Floyd v. Boss*, 174 Ga. 544, 545 (163 SE 606). See also *Oliver v. O'Kelley*, 48 Ga. App. 762 (173 SE 232).

Plaintiff alleges that defendant King represented that the plaintiff could work at King Sales Co., Inc., two afternoons a week and earn enough money to make the deferred payments for the purchase money of the stainless steel cookware; that when the defendant King made the statement he had no intention of allowing the plaintiff to work for the defendant corporation. When the plaintiff learned that she could not work in accordance with the agreement, she offered to return the merchandise to the defendants. It is alleged that the plaintiff called the defendant King on three occasions, and on each occasion, defendant King refused to allow plaintiff to work as agreed. It is alleged that at the time of the third call the defendant King agreed to pick up the merchandise. The three calls took place within a period of approximately three weeks after the contract was consummated. Applying the above principles of law to the facts of the instant case the trial court did not err in overruling the defendants' general demurrer.

■ From the briefs of the plaintiff (perhaps because the instant case is very similar to another case passed upon by this court, *King v. Towns*, 102 Ga. App. 895, 118 SE2d 121), it is clear that the plaintiff believes that she has a right to recover from the defendants because of two separate acts of fraud, viz., (1) false statements that the plaintiff could work for the defendant corporation and earn enough money to make the deferred payments for the merchandise she had purchased by reason of the facts set forth in her petition, and (2) false statements that the eating of food prepared in aluminum cookware causes cancer. Because silence of this court upon the latter question might infer that the petition sufficiently alleges a cause of action based upon the allegations in the petition concerning the misrepresentation that the use of aluminum cookware causes cancer, we deem it proper to add some comments which are confined specifically to such alleged fraud. At this juncture we note that there is no special demurrer to the petition upon the ground of duplicity, and, accordingly, the petition must be con-

strued toward that theory which sets forth a cause of action. *King Hardware Co. v. Ennis,* 39 Ga. App. 355 (4) (147 SE 119); *Citizens & Southern Bank v. Union Warehouse &c. Co.,* 157 Ga. 434 (6, 7) (122 SE 327); *Ward v. Nance,* 102 Ga. App. 201 (115 SE2d 781).

As stated in *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (3) (16 SE2d 176), the plaintiff must allege: ". . . (1) that the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made."

In such circumstances the contract is voidable at the option of the injured party (*Mashburn & Co. v. Dannenberg Co.,* 117 Ga. 567, 44 SE 97), and a plaintiff must elect whether to affirm the contract and sue for damages (*Brown v. Ragsdale Motor Co.,* supra; *Tuttle v. Stovall,* 134 Ga. 325, 67 SE 806, 20 AC 168), or rescind the contract and sue for the return of the consideration (*Eastern Motor Co. v. Lavender,* 69 Ga. App. 48, 24 SE2d 840).

Upon discovery of the fraud, the injured party must move diligently to protect his interest if he elects to rescind the contract. *Lynch Enterprise Finance Corp. v. Realty Construction Co.,* 176 Ga. 700 (168 SE 782). See also *Hadden v. Thompson,* 202 Ga. 74 (42 SE2d 125); *Foskey v. Lawton,* 210 Ga. 193 (78 SE2d 505). "In order to exercise the right of rescission of a contract for fraud, the defrauded party must act promptly upon the discovery of the fraud, and must restore or offer to the other party whatever the former has received by virtue of the contract, if it is of any value [citations]." *Tuttle v. Stovall,* 134 Ga. 325 supra, at p. 329.

Applying these principles of law to the allegations of the petition in the instant case, it is clear the plaintiff has not sufficiently alleged a cause of action based upon the representations concerning the deleterious effect of eating food prepared in aluminum cookware, because it is nowhere alleged that the

plaintiff rescinded the contract upon *this* ground of fraud. No date is alleged as to when the plaintiff discovered this fraud, or that upon discovery of such fraud, the plaintiff promptly complained. See *Lynch Enterprise Finance Corp. v. Realty Construction Co.*, 176 Ga. 700, supra. Nor does the petition allege that such fraud was discovered after the contract had been rescinded upon another ground. In such case, an offer to return the benefits of the contract to the defendants had already been accomplished, and it would be a useless gesture to require the plaintiff to again tender the benefits of the contract. In absence of such allegations, the petition fails to set forth a cause of action based upon such fraud.

We want to make it clear that we are not intimating that the plaintiff would not have a good cause of action for the alleged misrepresentations, fraud and deceit pleaded by her with reference to the harmful effect of eating food prepared in aluminum cookware, if she had pleaded all facts necessary to state a cause of action based upon such misrepresentations. But in this case the plaintiff's petition is deficient in this respect, in that, it is nowhere alleged that the plaintiff rescinded the contract *for the reason* of such fraud. The only reason appearing in the petition for the plaintiff's rescission of the contract is that she was not allowed to work for the defendant corporation in accordance with the agreement.

However, the trial court erred in overruling grounds 11 and 12 of the defendants' special demurrer attacking paragraph 25 and a portion of paragraph 26 of the plaintiff's petition which allege the business custom and practice of the defendants. As we understand plaintiff's petition, paragraph 25 and the portion of paragraph 26 thereof, regarding the customary and general business practice of the defendants, relate to the misrepresentation which does not support a cause of action for reasons heretofore stated, viz., the deleterious effect of eating food prepared in aluminum cookware, and, accordingly, are not relevant or germane to the allegations of plaintiff's petition which do set forth a cause of action. Therefore, on the trial of the case, proof of these allegations would be harmful and prejudicial to the defendants. These grounds of the demurrer should have been sustained.

■ The defendants demurred to an allegation in the plaintiff's petition concerning the acts of an alleged agent who came to the plaintiff's home before the defendant King appeared. The allegation is similar to those in *King v. Towns*, 102 Ga. App. 895, supra. The trial court did not err in overruling this demurrer. *Miller v. Southern Ry. Co.*, 21 Ga. App. 367 (94 SE 619); *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (58 SE2d 559). The remaining grounds of the special demurrer are without merit. *King v. Towns*, supra.

■ After reciting the order of court overruling the general and special demurrers, the plaintiff in error assigns error in the following language: "To this ruling overruling the said demurrers, the plaintiffs in error excepted and now excepts and assigns the same as error as to each and every ground of the demurrers and says that the said rulings was contrary to law and that each and all the said demurrers and pleas in bar to the petition should have been sustained and that the petition should have been dismissed. . . ." This does not amount to an assignment of error on the failure of the trial court to pass on the pleas of *res judicata* and estoppel by judgment filed by the defendants. Demurrers, pleas, and answer are to be passed upon in the order named. *Code Ann.* § 81-1002. Since this case is here only on the order relating to the general and special demurrers, neither the special pleas nor the merits of the case can be considered by this court at this time.

*Judgment reversed in part; affirmed in part. Townsend, P. J., and Jordan, J., concur.*