## 39355. OLIVER v. IRVIN.

CARLISLE, Presiding Judge. This is a processioning case. After the processioners had filed their return in the court of ordinary, Irvin, an adjoining landowner, filed, on March 27, 1956, a protest to the return solely on the ground that the line, as run by the processioners along his property, was not the true line. After the case was transmitted to the superior court

(*Code* § 85-1609), and on March 21, 1961, the protestant amended his original protest and on the same day filed a pleading which he denominated a motion to dismiss containing seven grounds, two of the grounds being, in substance, that the applicant held only a life estate in the lands, the lines of which he sought to have processioned, and that he did not join the remaindermen in the processioning proceeding and that there was, therefore, a nonjoinder of necessary parties. This pleading was not verified by the protestant. The trial judge, in an order expressly deferring consideration of other grounds, sustained these two grounds of the motion to dismiss, and the exception here is to that judgment. *Held:*

1. The protestant designated this pleading as a motion to dismiss. So viewed, it properly raised the question as to the nonjoinder of necessary parties. *Smith v. Mitchell*, 6 Ga. 458 (1); *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524). (Cf. *Merritt v. Bagwell*, 70 Ga. 578 (3a), and *Haynes v. Thrift Credit Union*, 192 Ga. 229, 233 (2), 14 SE2d 871, with respect to the manner of raising an issue as to the nonjoinder of mere proper parties). The remaindermen were necessary parties to the proceeding and should have been joined either as applicants or as defendants in the processioning proceeding so that they would be bound by any judgment ultimately entered in the case. This is so because the law provides that "Every owner of land . . . who desires the lines around his entire tract to be surveyed and marked anew, shall apply to the processioners . . . to appoint a day when a majority of them, with the county surveyor, will trace and mark the said lines." *Code* § 85-1605. A vested remainderman in lands has a present estate or interest therein which has the character of absolute ownership (Black's Law Dictionary, 4th Ed., p. 1734) and though the enjoyment of the interest is postponed to the future, it is, nevertheless, a present interest which may be sold by conveyance devised by will or levied on and sold under process. *Gibbons v. International Harvester Co.*, 146 Ga. 467 (2) (91 SE 482); *Ragan v. Rogers*, 146 Ga. 818 (92 SE 647). While it is recognized that remaindermen are not joint tenants with the life tenant, they do, nevertheless, have such an interest in the estate in common with the life tenant that they are necessary parties to the processioning proceeding.

*Carmichael v. Jordan,* 131 Ga. 514 (62 SE 810). The trial court did not err in sustaining the motion to dismiss.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED MAY 1, 1962.

*Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error. *Kimzey & Crawford,* contra.