## 21722. MORRIS v. CREEL et al.

DUCKWORTH, Chief Justice. This is an alleged action for a money judgment, attorney fees, and to set aside an order of the court as null and void as based upon fraud and deceit arising out of an alleged fraudulent deed and conspiracy to defraud. The petitioner is the transferee of certain credi-

tors involved in a receivership case involving the construction of 61 houses on which one of the defendants here held a security deed for $300,000. The alleged order sought to be set aside was one dissolving a temporary restraining order in the receivership case preventing the holder of the security deed from exercising its power of sale thereunder, and was allegedly made after the receiver was unable to sell the property at a price sufficient to pay off the creditors over and above the amount of the secured creditor. The allegations of fraud are that there was "no consideration for the $300,000 deed" because "$300,000 was not paid . . . before the deed to secure debt was signed," and "this shows that the parties to this false and collusive deed formed and carried into effect a civil conspiracy to defraud the creditors." Demurrers were filed to the petition and, after a hearing, sustained. The exception is to this judgment. *Held:*

1. The alleged cause of action being based upon fraud arising out of an alleged conspiracy to defraud because no consideration was paid *before* the execution of a security deed, this allegation is construed most strongly against the pleader and in such a case is not an allegation that such deed was fraudulent. Hence, regardless of the pleading and prayer for the setting aside of a mere order dissolving a restraining order preventing the holder of a security deed from exercising the power of sale thereunder, the equitable pleadings depend upon the alleged tort action, and a cause of action is not alleged either at law or equity. *Jones v. Robinson,* 172 Ga. 746 (158 SE 752); *Wilder v. Federal Land Bank,* 176 Ga. 813 (2) (169 SE 13); *Johnson v. Ellington,* 196 Ga. 846 (28 SE2d 114); *Sellers v. Johnson,* 207 Ga. 644 (63 SE2d 904); *Foskey v. Lawton,* 210 Ga. 193 (78 SE2d 505).

2. If the petition be construed as a suit on the accounts, the allegations show clearly that the statute of limitation bars the action thereon.

3. For the reasons stated above the court did not err in sustaining the demurrers.

*Judgment affirmed. All the Justices concur.*

Submitted July 10, 1962—Decided September 6, 1962—Rehearing denied September 18, 1962.

276

*James R. Venable,* for plaintiff in error.
*Henry M. Hatcher, Jr.,* contra.