24111.  J. B. McCRARY COMPANY, INC. et al. v.
PEACOCK et al.

ARGUED JUNE 13, 1967—DECIDED JULY 6, 1967.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey, Ross Arnold,* for appellants.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, M. F. Goldstein, B. Hugh Burgess,* for appellees.

ALMAND, Presiding Justice.  Robert F. Davis and Mrs. Louisa McCrary Davis, as executors and trustees under the will of J. A. McCrary, brought an action against their daughter and beneficiary under the will, Mrs. Louisa Davis Peacock; J. B. McCrary Company, Inc., J. B. McCrary Engineering Corporation,

C. E. Faust and Frank A. Wilson seeking the direction of the court as to the rights and liabilities of the parties to certain shares of stock in the above named corporations under resolutions of the corporations made on the 10th day of August, 1948. The pertinent portions of each of these resolutions are as follows: (a) "Resolved by the stockholders of the J. B. McCrary Company, Inc. the 176 shares here represented being the entire outstanding capital stock except for qualifying shares standing in the name of the officers, J. B. McCrary, J. A. McCrary and C. E. Faust, be distributed in the manner set forth below:

| | |
|---|---|
| J. B. McCrary, life interest, reversion | 48 shares |
|     J. A. McCrary — 26 shares and | |
|     A. P. McCrary — 22 shares | |
| J. A. McCrary | 46 shares |
| A. P. McCrary | 44 shares |
| C. E. Faust | 20 shares |
| Frank A. Wilson | 18 shares |
| Qualifying Shares | 4 shares |
| Total | 180 shares." |

(b) "Resolved by the stockholders of the J. B. McCrary Engineering Corporation the 956 shares here represented being the entire outstanding capital stock except for qualifying shares standing in the name of the officers, J. B. McCrary, J. A. McCrary, A. P. McCrary and C. E. Faust, be distributed in the manner set forth below:

| | |
|---|---|
| J. B. McCrary, life tenancy, reversion | 258 shares |
|     J. A. McCrary and A. P. McCrary | |
| J. A. McCrary | 248 shares |
| A. P. McCrary | 241 shares |
| C. E. Faust | 114 shares |
| Frank A. Wilson | 95 shares |
| Qualifying shares now outstanding in the names of J. A. McCrary, A. P. McCrary and C. E. Faust | 4 shares |
| Total Outstanding Stock | 960 shares." |

Following each of these resolutions made by the respective cor-

porations was the further resolution "that upon the death of a stockholder, the Company (or Corporation) and thereafter the stockholders in proportion to their stockholdings, shall have the privilege of purchasing the stock of the deceased stockholder at par value providing they purchase the same within 15 months from the date of the decease of said stockholder, or at par value plus 6% interest per annum for a period of 5 years after the death of the stockholder. Unless the Company (or Corporation) and its surviving stockholders shall in writing waive this privilege, the representatives of the deceased stockholder and his heirs shall not sell said stock, nor shall the same be transferred on the books of the Company (or Corporation) for a period of 5 years after the decease."

J. A. McCrary, the testator under whose will direction was sought, died on January 8, 1953. Shortly after his death the stock which he owned outright in the said corporations was sold to the respective corporations. This left J. A. McCrary's estate owning 26 shares of J. B. McCrary Company, Inc., and 129 shares of J. B. McCrary Engineering Corporation subject to a life estate in J. B. McCrary. J. B. McCrary died on October 28, 1961. On March 2, 1964, C. E. Faust, as president of J. B. McCrary Engineering Corporation and J. B. McCrary Company, Inc., sent letters to Mrs. Louisa McCrary Davis, as trustee under J. A. McCrary's will, seeking to exercise the stock purchase resolutions of August 10, 1948, on the "stock of J. A. McCrary." The plaintiffs, executors and trustees under J. A. McCrary's will, sought the direction of the court as to whether or not they were required to sell the stock to the respective corporations or their stockholders. The corporate defendants and the defendants Faust and Wilson filed a joint answer. Mrs. Louisa Davis Peacock filed a separate answer and subsequently filed a motion for summary judgment. The motion was granted and the order stated in part "that neither J. B. McCrary Engineering Corporation nor the stockholders thereof have or hold a valid option to purchase the one hundred twenty-nine (129) shares of the common stock of said company issued to J. B. McCrary for life with reversion or remainder to J. A. McCrary, . . . that neither J. B. McCrary Company, Incorporated nor the stockholders

thereof have or hold a valid option to purchase the twenty-six (26) shares of the common stock of said company issued to J. B. McCrary for life with reversion or remainder to J. A. McCrary" and "that plaintiffs as executors and trustees under the will of J. A. McCrary, deceased, proceed to perform their duties as such as though no such purported options as those referred to exist."

The appellants, J. B. McCrary Company, Inc., J. B. McCrary Engineering Corporation, C. E. Faust and Frank A. Wilson, assign error on this order granting the summary judgment.

The sole issue to be determined is whether or not the two defendant corporations or their stockholders, on March 2, 1964, had the option to purchase, at par value plus 6% interest per annum, certain shares of J. B. McCrary Company, Inc., and certain shares of J. B. McCrary Engineering Corporation in which J. A. McCrary held a vested remainder interest at the time of his death.

"Estate is the quantity of interest which an owner has in property. It is applicable equally to realty and personalty. An estate that can be created in the former may be created in the latter, and the rules of construction as to both shall be the same. The provisions of this Code, under this Title, when not restricted to one, shall apply to both." *Code* § 85-104. Clearly the resolutions of August 10, 1948, of the said corporations created a life estate in J. B. McCrary in the stock in question with a vested remainder interest in J. A. McCrary in that the remainder was limited to a certain person upon the happening of a necessary event. *Code* § 85-703. While the resolutions use the word "reversion" to describe the estate of J. A. McCrary, it is apparent that the estate created is a vested remainder; and, further, the rights of a reversioner are the same as those of a vested remainderman. *Code* § 85-701.

If the remainderman shall die before the time arrives for possessing his estate in remainder, his heirs shall be entitled to a vested remainder. *Code* § 85-704. See *Anderson v. Burney*, 147 Ga. 138 (2) (93 SE 93). Thus, upon J. A. McCrary's death his vested remainder interest in the stocks in question passed to the executors and trustees under his will. "A vested remainder is an actual estate and . . . is susceptible of a sale and trans-

fer of title." 33 AmJur 614, Remainders, § 149. See *Foskey v. Lawton,* 210 Ga. 193 (78 SE2d 505); *Aycock v. Williams,* 185 Ga. 585 (196 SE 54); and *Holman Mule Co. v. Bullard,* 175 Ga. 900 (2) (166 SE 825) holding that a remainderman may sell his remainder interest in land. See also *Crossley v. Leslie,* 130 Ga. 782 (5) (61 SE 851, 14 AC 703) holding that a will devising to the wife of the testator certain land for her life and providing "after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children" created a vested remainder in the children in life upon the testator's death and such a surviving child could make a valid conveyance of his or her remainder interest.

The resolutions of both corporations state that "upon the death of a stockholder, the Company (or Corporation) and thereafter the stockholders" shall have the privilege of purchasing the stock of the deceased stockholder. This language related to the stock in which J. A. McCrary held a vested remainder interest and upon his death in 1953 the privilege to purchase said stock recited in the resolutions became exercisable. The death of J. B. McCrary, as life tenant, merely vested the right of possession in the remaindermen and had no effect upon when the corporations or their stockholders could exercise the options to purchase the said stock. Therefore, the attempt by the appellants on March 2, 1964, to exercise the option to purchase under the resolutions of August 10, 1948, is fatally late in that eleven years had elapsed since J. A. McCrary's death.

The appellants argue that in recognition of an oral agreement subsequent to the death of J. A. McCrary in 1953 by the syndicate, constituted by the stockholders named in the August 10, 1948, resolutions, it was agreed by all parties concerned that the stock in which J. B. McCrary held a life estate would not be subject to said August 10, 1948, resolutions until his death. This argument is without merit. "A contract for the sale of stock in an incorporated company at a price of $50 or more is within the provision of *Code* § 20-401 (7) (statute of frauds), which requires contracts for the sale of goods, wares, and merchandise, to the amount of $50 or more, to be in writing." *Samford v. Citizens & Southern Nat. Bank,* 216 Ga. 215 (1) (115 SE2d 517)

Accordingly, the resolutions of August 10, 1948, were required to be in writing. "A contract which is required by the statute of frauds to be in writing, and which is therefore put in writing, can not be modified by a subsequent agreement in parol." *Gulf Oil Corp. v. Willcoxon*, 211 Ga. 462 (1) (86 SE2d 507). Thus, the purported oral agreement in 1953 upon which the appellants base their contention had to be in writing to be enforceable. Furthermore, the letters of C. E. Faust, as president of J. B. McCrary Company, Inc., and J. B. McCrary Engineering Corporation, to Mrs. Louisa McCrary Davis, trustee, seek only to exercise the options to purchase the stock under the August 10, 1948, resolutions and make no mention of the alleged oral agreement to modify or extend the time in which to exercise said options. Therefore, we conclude there is no material issue of fact and a summary judgment was properly granted.

*Judgment affirmed. All the Justices concur.*