## DYSON *v.* SOUTHERN RAILWAY COMPANY.

|     |     |
| --- | --- |
| 113 | 327 |
| 113 | 808 |
| 113 | 327 |
| 115 | 51 |
| 113 | 327 |
| 127 | 281 |

1. A bill of exceptions reciting that "the defendant made a motion to dismiss petitioner's suit as amended," and that such motion was sustained, "to which said order of the court dismissing plaintiff's suit plaintiff then and there excepted and now assigns the same as error, and says the court erred in sustaining said motion and in dismissing said petition," contains a sufficiently specific assignment of error.

2. A bill of exceptions reciting that it was tendered in due time, and which is followed by the usual certificate of the judge, will not be dismissed, although not actually certified by the judge until after the time allowed by law for tendering the same had expired, unless it be made to appear that the failure of the judge to certify the same within the period allowed for tendering the bill of exceptions was due to some act of the plaintiff in error or his counsel.

3. A bill of exceptions duly and regularly certified according to law will not be vitiated by an additional certificate following the one required by statute. In such a case the additional certificate may be ignored and treated as harmless surplusage.

4. An amendment to a petition adding a new cause of action should not be allowed, and if improvidently allowed may be stricken on motion ; but if such an amendment has been regularly allowed and filed, and the petition as amended sets forth a cause of action, the same should not be dismissed on motion on the ground that the amendment adds a new cause of action.

Argued April 1, — Decided April 26, 1901.

Action for damages. Before Judge Gober. Cobb superior court. November 22, 1900.

*J. E. Mozley* and *C. H. Griffin,* for plaintiff.
*Hugh M. Dorsey,* for defendant.

COBB, J. This is the second time that this case has appeared in this court. *Southern Railway Company* v. *Dyson,* 109 *Ga.* 103. Mrs. Dyson brought suit against the railway company for damages alleged to have been sustained by her expulsion from a train of the defendant. The petition alleged that the expulsion was unlawful, for the reason that she purchased from an agent of the company "a ticket from Mableton to Atlanta, for first-class passage to Atlanta, Ga., over defendant's line," and that notwithstanding such ticket was presented to the conductor she was not allowed to ride to her destination, but was expelled from the train at a station called Nickajack. The petition was demurred to upon several grounds, one of them being as follows: "Defendant demurs specifically, because there is no description given of the ticket, because it is not stated what writing or printing or stamp appeared on said

ticket, nor any of the conditions, dates, or anything going to show the character of said ticket." The demurrer was overruled, and this judgment was reversed, this court holding that the ground of the demurrer just quoted was well taken and that the demurrer should have been sustained. *Southern Railway Co.* v. *Dyson,* 109 *Ga.* 103. It appears that on November 22, 1898, an amendment to the petition was allowed, changing the name of the plaintiff from Jane to Louisa. This is the first amendment in order of time, and appears in the record as if it had been marked "Amendment No. 1." On February 1, 1900, another amendment to the petition was "allowed and ordered filed." This was the second amendment in order of time, and appears in the record as if it had been marked "Amendment No. 2." This amendment set forth that the plaintiff amended her petition "by adding a copy of the ticket" referred to in the petition. The copy ticket so added was one entitling the holder to passage from Mableton to "station between notches in the margin." The station between the notches in the margin was Nickajack. On November 22, 1900, another amendment to the petition was "allowed and ordered filed." This was the third amendment in order of time, and appears in the record as if marked "Amendment No. 3." This amendment alleged that the conductor expelled plaintiff from the train in a rough, rude, and reckless manner, pushing her along to the door of the car, and in an angry and rough manner pushed her down the steps of the car and from the steps to the ground. On the same day that the last amendment was allowed the court passed the following order: "The 2nd amendment is hereby stricken, and the said case dismissed on motion of defendant's attorneys." Error is assigned upon the rulings made by the passage of this order.

1, 2, 3. Counsel for the defendant in his brief suggests that the judgment should stand affirmed, for two reasons: first, because there is no sufficient assignment of error; and, second, because the bill of exceptions was not certified until after the expiration of thirty days from the date of the decision complained of, and the judge does not in the certificate to the bill of exceptions state the reasons of such delay, but the same are contained in a separate certificate following the certificate to the bill of exceptions. The points thus raised are ruled on the headnotes. See *Moore* v. *Kelly,* 109 *Ga.* 798; *Jones* v. *State,* 100 *Ga.* 579.

4. The second amendment as it appears in the record is that one which added the copy of the ticket. This amendment was properly stricken, for the reason that the ticket shows that it entitled the holder to passage from Mableton to Nickajack, and the distinct allegation of the petition is that the plaintiff was allowed to travel to Nickajack and was not required to leave the train until she reached that point. It was said, however, by counsel for the plaintiff in his argument, that the copy of the ticket was intended as one from Mableton to Atlanta, and that this was indicated by ink marks on the ticket. While "Atlanta" is embraced between ink marks, there is nothing on the ticket or in the averments of the petition which explains the meaning of the ink marks, and "Nickajack" appears distinctly between notches in the margin, and is the only station so indicated. There was no suggestion that the ticket in the record here was not a correct copy of the one of file in the office of the clerk of the trial court. · This being true, we must decide the question on the record as it now appears, and so deciding it, no other conclusion than the one above indicated can be properly arrived at. With this amendment the petition stood as amended by the two amendments allowed on November 22, 1898, and November 22, 1900, respectively. The last amendment undoubtedly set forth a cause of action. All that is necessary to reach this conclusion is to read the brief summary of the amendment above set forth. It is true the amendment set forth a new cause of action, and should have been disallowed for this reason if the objection had been made at the proper time. But after the amendment had been " allowed and ordered filed," it became a part of the petition, which as thus amended set forth a cause of action and should not have been dismissed on motion. It was stated by counsel for the defendant, in his argument here, that the " 2nd amendment" referred to in the judge's order was the amendment of November 22, 1900, and that the same was stricken for the reason that it added a new cause of action ; that at the trial the judge had before him only the last two amendments ; and that the numbering of the amendments was the work of the clerk in making up the transcript of the record. There was no agreement between counsel to this effect, and the record does not disclose this state of facts. If the numbering was by the clerk as claimed, and that numbering be disregarded, the amendment is still the second amendment in order of time.

There was no suggestion that the order of the judge was not correctly copied, and therefore we must take the order as it appears in the record.   When so taken, it can not be made to refer to any other amendment than the one filed on February 1, 1900.   Counsel for the plaintiff neither admitted nor denied the statements of counsel for the defendant, with reference to the condition of the record, but simply suggested that the case must be decided on the record as it is made up, which is, of course, a perfectly sound position to be taken.   When this is done, the judgment striking the amendment of February 1, 1900, will be affirmed, and the judgment dismissing the case on the petition as amended by the amendment of November 22, 1900, must be reversed.

From what transpired during the argument here, we have reason to believe that it is more than probable that the case decided by us is not the case passed on by the trial judge, and we have probably been compelled, on account of the wording of the order of November 22, 1900, and the mistake in the copy ticket embodied in the amendment of February 1, 1900, to reverse our learned brother of the circuit bench on a ruling that was never made by him and one which it is not at all likely that he would have made, as well as to affirm him on a question that he has never decided.   We have stated this simply because it seems to be due to the trial judge that it should be stated.   We are powerless to do otherwise than we have done;  but if it should hereafter develop in the court below that the order of November 22, 1900, really referred to the amendment of that date, and the judgment actually made was one striking the amendment of that date because it added a new cause of action and was therefore improperly allowed, the trial judge may, upon proper application, have the records of his court so amended as to speak the truth.

*Judgment reversed.   All concurring, except Lewis, J., absent.*