### 4815.   PITTMAN *v.* HODGES.

An action on an account for goods sold and delivered and for money expended for the use of the defendant can not be converted by amendment into an action for the breach of a contract by the defendant to purchase the plaintiff's interest in a copartnership of which they were both members, and for the benefit of which the goods and money were furnished.

DECIDED JUNE 25, 1913.

Complaint; from city court of Sandersville—Judge Jordan. January 31, 1913.

*J. J. Harris,* for plaintiff in error.  *Evans & Evans,* contra.

POTTLE, J.  Hodges sued Pittman on an open account.  The petition was in the usual form, alleging indebtedness in the sum of $355, besides interest, on an account, a copy of which was attached to the petition.  The account contained a number of items for sums paid for machinery, fixtures, etc., and other items, under different dates, of divers quantities of syrup.  The plaintiff offered an amendment setting up that the plaintiff furnished to a partnership, of which he and defendant were members, certain money and articles as shown in the bill of particulars attached to the petition, and that the defendant contracted to pay to the plaintiff the sums set forth in the account, for the plaintiff's interest in the partnership business; that the plaintiff did surrender his said interest, and the defendant failed and refused to pay the amount agreed on.  An objection to this amendment, on the ground that it set forth a new cause of action, was overruled, and the plaintiff recovered a verdict.  The case is here upon a bill of exceptions assigning error upon this ruling and upon the overruling of a motion for a new trial.

As the petition stood before amendment, the suit was one to recover for money paid for the use of the defendant, and to recover for goods sold and delivered to him.  The law implied a promise by the defendant to reimburse the plaintiff for the sums expended, and to pay for the goods received by the defendant.  There may, however, have been an express promise to pay, but this would not have prevented recovery on the account.  Hence it is that in a suit on an open account for goods sold and delivered, the petition may be amended by alleging a special contract and setting forth the terms and conditions of the promise.  Such an amendment is, however, allowable only for the purpose of alleging the pertinent facts and circumstances under which the sale and delivery were made, and not for the purpose of counting upon the contract as a distinct cause of action.  *Tumlin* v. *Bass Furnace Co.,* 93 *Ga.* 594 (20 S. E. 44) ; *May Mantel Co.* v. *United States Blow-Pipe Co.,* 93 *Ga.* 778 (21 S. E. 142) ; *Ala. Const. Co.* v. *Continental Car Co.,* 131 *Ga.* 365 (62 S. E. 60).  The suit can not by amendment be changed from one to recover the price of goods sold on

open account to an action for damages for the breach of a contract. Such an amendment would introduce a new cause of action and present issues which could not arise under the cause of action originally declared on. See *Groover* v. *Tattnall Supply Co.*, 10 *Ga. App.* 679 (73 S. E. 1083); *Hartwell Ry. Co.* v. *Kidd*, 11 *Ga. App.* 771 (74 S. E. 310). In the original petition the plaintiff, in effect, alleged that he had sold and delivered certain described articles to the defendant and had paid out certain money for his use. In the amendment it is averred, in substance, that the defendant agreed to purchase the plaintiff's interest in a copartnership for a certain sum, and failed and refused to comply with his contract. This is but an effort to recover from the defendant for breach of a contract of purchase, and it bears no resemblance to the suit as originally brought. It happens that the sum to be paid as the purchase-price was to be ascertained by looking to the value of certain goods and the amount of money which the plaintiff had furnished to the partnership, but the cause of action disclosed by the amendment is, nevertheless, essentially for the breach of a contract by one partner to pay for the other's interest in the partnership business. It is true that in the amendment there is no express prayer for recovery upon the cause of action therein disclosed, but there could not have been any other purpose than this in offering the amendment, and proof of the facts therein set forth would have shown a fatal variance between the original petition and the proof. The court erred in allowing the amendment, and all that occurred thereafter was nugatory.     *Judgment reversed.*