## 16145. BUTLER v. CROWN CORK & SEAL COMPANY.

A suit "on open account" can not by amendment be changed into a suit under section 4131 of the Civil Code (1910).

DECIDED MAY 14, 1925.

Complaint; from city court of LaGrange—Judge Duke Davis. December 13, 1924.

The petition of the Crown Cork & Seal Company against H. C. Butler alleged that the defendant was indebted to plaintiff a certain amount "on open account," and that a copy thereof was attached. This copy is as follows: "H. C. Butler, prop. Lime Cola Bottling Co., Durham, N. C., to The Crown Cork & Seal Co., Dr., Jan. 26, 1922. 2585 gr. crowns, charges 562.24. May 5, 1924, credit Memo. . . credits 310.20 . . balance 252.04." A vice-president of the plaintiff corporation made affidavit that the "goods, wares, and merchandise charged in the annexed account were bona fide sold as charged," and that the "balance ·charged and claimed is justly due." Another person, who designated himself as "clerk of said corporation," made oath that ·the "goods, wares, merchandise, and effects charged in the annexed account were sold as charged," and that the defendant "assumed to pay for same at the prices therein named." These affidavits were attached to the account sued on. Plaintiff amended its petition as follows: "Plaintiff amends its petition in the above case by alleging that the $252.04 sued for is the difference between the contract price $562.24 and the price as resale. ·Pltff. acted as agent for· the defendant in the resale." To this amendment a demurrer was filed, "on the ground that said amendment sets out a new and distinct cause of action from the original action sued upon." The amendment was allowed. By agreement the case proceeded to trial before the judge of the city court, who ,was to "pass on both law and facts, without the intervention of a jury." Judgment was rendered against Butler, and he excepted.

*Lovejoy & Mayer,* for plaintiff in error.

*E. T. Moon,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) As stated therein, the original petition in this case is a suit "on an open account." The affidavits attached to the account are in keeping with this view of the case. Such a suit is based upon the sale and delivery of merchandise and the refusal of the purchaser

to pay therefor. The cause of action is the refusal of the purchaser to pay for the goods bought, after delivery. Such a petition can not be changed by amendment into a suit under section 4131 of the Code of 1910, and based upon the refusal of the purchaser to accept the goods after buying them. The facts in this case easily differentiate it from the majority opinion in the case of *Rowland Company* v. *Kell Company*, 27 *Ga. App.* 107 (108 S. E. 602), relied on by defendant in error. In *Pittman* v. *Hodges*, 13 *Ga. App.* 26 (78 S. E. 688), this court held: "The suit can not by amendment be changed from one to recover the price of goods sold on open account to an action for damages for the breach of a contract. Such an amendment would introduce a new cause of action and present issues which could not arise under the cause of action originally declared on. See *Groover* v. *Tattnall Supply Co.*, 10 *Ga. App.* 679 (73 S. E. 1083); *Hartwell Ry. Co.* v. *Kidd*, 11 *Ga. App.* 771 (74 S. E. 310)."

The court having erroneously allowed the amendment to the petition, the further proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*