## 27763. WHITAKER *v.* MAGRUDER.

DECIDED OCTOBER 21, 1939.

Randall Evans, Jack D. Evans, James R. Evans, for plaintiff.
Wilmer D. Lanier, for defendant.

SUTTON, J.   Clyde Whitaker filed his petition against G. M. Magruder, alleging that the defendant negligently drove an automobile against a mule owned by the plaintiff, thereby breaking one of the mule's legs; that following said injury an arbitration was agreed to between plaintiff and defendant, and an award was made which defendant has failed and refused to abide by; that the mule was worth $250 at the time of his injury, and due to the impairment of ability to walk, because of said injury, the value of the, mule is now $125, and plaintiff has thus been damaged $125; that plaintiff's loss of profits in his crop because of not having the services of said mule and because of defendant's failure to live up to the arbitration award of furnishing another, with feed for same, amounts to $175, and plaintiff has been damaged in the total sum of $300.   The defendant demurred as follows: " (1) That plaintiff's petition fails to set out either a legal or equitable cause of action against defendant.   (2) That plaintiff's petition on its face shows that he has no right of recovery against defendant, and is not entitled to recover as prayed in plaintiff's petition.   (3) That upon the face of plaintiff's petition it shows an arbitration has been agreed to between plaintiff and defendant, and an award made. As a matter of law such an arbitration having been agreed to and made as pleaded by plaintiff, such an award is binding on plaintiff and defendant, and plaintiff's petition sets out no cause of action. (4) That the allegations of paragraph five of plaintiff's petition, as to plaintiff's loss of profits in his crop, upon its face shows that the element of damage of $175, and the $175 damage therein alleged, could not be recovered from defendant as a matter of law." Before the demurrer was ruled on, the plaintiff filed two amendments to his petition, alleging, among other things, that on February 21, 1938, a dispute arose between plaintiff and defendant, in which the rights and liabilities of each party were involved, by reason of plaintiff's mule being injured by defendant on that date; that the award referred to in the petition was made by three men, one chosen by plaintiff, one by defendant, and the third was selected by these two; that the submission of said dispute was mu-

tually agreed to between plaintiff and defendant, the matter in dispute being the question of how much damage the defendant was due to the plaintiff, if any, by reason of plaintiff's mule having been injured by defendant, and the manner in which restitution was to be made in the event it was decided that damages had been sustained by plaintiff; that the award was made in pursuance of the submission, and conformed thereto in all material respects. The plaintiff then set out the award, and alleged that its money value was $96, that the defendant had complied with the award to the amount of $20.80, and plaintiff then asked for a judgment for $75.20, the alleged balance due under said award. The plaintiff in these amendments struck the prayer for damages and the tort feature of his action as set out in the petition. The amendments were allowed, subject to demurrer. The defendant then demurred as follows: "Comes now defendant and renews his general demurrer to plaintiff's petition after plaintiff's two amendments, and for renewed general demurrer says: (1) That it is renewed upon each and every ground. (2) That plaintiff by his amendments seeks to set out a new and distinct cause of action. (3) That there is not enough in plaintiff's original petition to amend by, in so far as suit upon an award is concerned." The court sustained the general demurrer to the petition as amended, and dismissed the action, and the exception is to that judgment.

■ The plaintiff's cause of action, as originally brought, sounded both in tort and contract. He alleged that the defendant negligently injured his mule with an automobile, and prayed for damages for such injury. It was also alleged that the matter had been submitted to an arbitration by agreement between the parties, that an award had been made, and that the defendant had failed and refused to abide by it. Under these allegations the petition was subject to demurrer on the ground of a misjoinder of causes of action; but this objection must be raised by special demurrer instead of by general demurrer, and the defendant's demurrer in the present case was a general demurrer. *Shingler* v. *Shingler*, 184 *Ga.* 671, 672 (182 S. E. 824).

■ Both of the amendments to the petition were allowed subject to demurrer, and the petition as thus amended declared upon the award referred to in the petition, the tort feature of the cause of action set out in the petition having been stricken. by the

amendments. According to the record, the defendant did not object to the allowance of the amendments or move to strike them, but renewed his general demurrer to the petition as amended, and filed another general demurrer, one ground of which was that the petition as amended set up a new cause of action. In such circumstances, where an amendment is allowed subject to demurrer, and the petition as amended sets forth a cause of action, the petition should not be dismissed on general demurrer on the ground that as amended it sets up a new cause of action. It was held in *Laslie v. Cragg Lumber Co.*, 184 *Ga.* 794, 803 (193 S. E. 763): "When the amendment last referred to, in the instant case, was offered, the judge passed an order allowing it subject to demurrer. Thereupon the defendants renewed their demurrer to the petition as amended, one ground of which was that the amendment set forth a new cause of action and constituted a complaint different from the one originally sued on; but the record is silent as to any motion to strike the amendment. In such a situation, though the judge allowed it subject to demurrer, since the petition as amended set forth a cause of action, the action should not have been dismissed on the ground that the amendment added a new cause of action. *Dyson v. Southern Ry. Co.*, 113 *Ga.* 327 (4) (38 S. E. 749)."

■ There was enough in the petition to amend by, in respect to the award finally declared upon by the petition as amended. It was alleged that the plaintiff's mule was injured by the defendant, that "following said injury an arbitration was agreed to between the plaintiff and defendant, and an award was made, which defendant has failed and refused to abide by, . . and due to defendant's not living up to the arbitration award . . amounts to $175." "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code, § 81-1302.

■ "In an action on an award a petition is sufficient, as against

a general demurrer, which alleges the existence of differences between the plaintiff and defendant, an agreement to submit the matters in dispute to arbitration, that the submission was mutual, setting forth the substance of the same, that the award was made in pursuance of the submission and conformed to the same in all material respects, that it was made within the time limited, if there was such time, and with the formality required by the submission, and that the defendant has failed to perform it." *Littleton* v. *Patton,* 112 *Ga.* 438 (37 S. E. 755). The petition as amended in the present case set forth a cause of action on the award therein referred to, and the court erred in dismissing the action on the general demurrer.

*Judgment reversed. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I do not think that the original petition set up two causes of action. It could not be reasonably construed to be anything but a tort action. Since this is true, the amendment changing the cause of action from a tort action to an action on contract was subject to the objection that it set up a new cause of action. The amendments were allowed *subject to demurrer.* The demurrer was to the petition as amended (because the amendment was a part of the petition) on the ground that the *amendment* set up a new cause of action. There was also a general demurrer to the petition as amended. Both these demurrers were properly sustained. With the amendment stricken, as it should have been, there was no cause of action, because the petition showed on its face that the only cause of action upon which plaintiff could rely was the award. The ruling in *Laslie* v. *Cragg Lumber Co.,* cited in the majority opinion, is not controlling here, for the reason that in that case there was no demurrer to the *amendment itself* on the ground that it set up a new cause of action. There was therefore no objection to the amendment alone. The whole objection was to the petition as amended, as a whole. In this case the demurrer to the amendment was good, and, with the amendment stricken, the general demurrer to the petition as sought to be amended was good. That one ruling covered both is immaterial. To rule otherwise as to this point is to rule that the allowance of an amendment subject to demurrer is merely an idle gesture and utterly meaningless. The purpose of such an order is to make the amendment a

part of the record, and to give opportunity to demur rather than object to the amendment *before* it is allowed.