### 32287. WEATHERS *v.* OWEN.

DECIDED JANUARY 29, 1949.

*J. C. Bowden*, for plaintiff.

*John R. Burress*, for defendant.

SUTTON, C. J. J. L. Weathers, by his next friend and father, E. L. Weathers, sued Clyde Owen and Automobile Financing Inc. in the Civil Court of Fulton County. It was alleged in the petition that: "2. Defendants are severally and jointly indebted to the plaintiff in the sum of $550 by reason of facts set forth hereinafter, for which he sues. 3. On the 31st of May, 1947, when plaintiff was seventeen (17) years of age, the defendants acting jointly sold him a 1939 Oldsmobile Fordor, # g-77985 motor

number, at a time when plaintiff was inexperienced, could not know the value of machines, and the defendants were experts at selling cars and capable of and did know values, and did know that said Oldsmobile was worn, defective, would not operate, principally because the motor therein was about worn out. 4. When defendants sold plaintiff said Oldsmobile they took from him his 1937 Buick, motor No. 43444020, four-door sedan, and defendants allowed him $250 therefor, and in addition thereto he paid to them the sum of $300, for which he received no benefit, a total loss to him, because said Oldsmobile was worthless. 5. Defendant Owen sold said Oldsmobile to plaintiff and defendant Automobile Financing Inc. was a party in so selling the same and taking plaintiff's said Buick, and so, because the defendant financing company financed Owen by being present and taking said Oldsmobile by taking a bill of sale from plaintiff and thereafter repossessed it and thereafter plaintiff received nothing from said repossession, for it is alleged that defendant financing company had plaintiff sign a note for the sum of $467.40 to be paid to satisfy said bill of sale. 6. Within thirty days or less after defendants sold him said Oldsmobile and took his Buick, plaintiff elected to rescind the transaction, surrendered said Oldsmobile to the defendant Automobile Financing Inc. and . . defendant accepted the same, and plaintiff has heretofore demanded a refund of the amount paid in money and the amount of the value of said Buick, the total being the sum sued for."

The plaintiff dismissed the action against Automobile Financing Inc. and proceeded against Clyde Owen. An oral motion of Owen to dismiss the action against him was treated by the court as a general demurrer, and in ruling on this motion, plaintiff was allowed ten days in which to meet the objections urged in the motion. There were no exceptions to this ruling by either party, and the plaintiff amended his petition within the time allowed, and the amendment was allowed subject to demurrer. This amendment, in part, is as follows: "2. It is alleged that plaintiff, said minor, went to defendant, Clyde Owen, to exchange or trade his automobile for another, [and] defendant Owen seeing that plaintiff was minor, sent his employee or agent with plaintiff (one Evans) to have the exchange or trade of automobiles made by and through an adult, one Gazaway, and by doing so

defendant Owen took plaintiff's automobile in exchange for one Oldsmobile and allowed plaintiff the sum of $550, on his automobile, which was a Buick, as alleged in his original petition, to wit, allowed him $250 for his, plaintiff's car, and he paid to defendant the sum of $300 in cash for the exchange of said automobiles.  3. When the exchange of said automobiles was made as aforesaid, said Gazaway then had said Oldsmobile financed by and through the Automobile Financing Inc., which was at the direction of defendant Owen.  4. As alleged in said original petition, in paragraph [5] thereof said finance company repossessed said Oldsmobile after the plaintiff failed to make payments thereon, and plaintiff suffered a total loss of the sum sued for, and paragraph 6 of said petition is amended to conform hereto.  5. Said sum sued for is a total loss to plaintiff and caused by defendant Owen in directing said Gazaway to make the contract of exchange of automobiles and to have said Oldsmobile financed as alleged herein, and at the same time knowing the plaintiff was a minor as alleged."

The defendant demurred to the petition on the ground (1) that said petition as amended sets forth no cause of action, and on the ground (2) that said petition as amended sets out a different and distinct cause of action from the one sued on in the first instance.  The trial judge sustained the demurrer and dismissed the action, and the sole exception here is to that ruling and judgment.

"Generally the contract of an infant is voidable except for necessaries.  In order to charge an infant for necessaries, the party furnishing them must prove that the parent or guardian fails or refuses to supply sufficient necessaries for the infant.  If, however, the infant receives property, or other valuable consideration, and after arrival at the age of majority retains possession of such property or enjoys the benefits of such valuable consideration, such a ratification of the contract shall bind him." Code, § 20-201.  In *Gonackey* v. *General Accident &c. Assurance Corp.*, 6 *Ga. App.* 381, 383 (65 S. E. 53), the court ruled: "All contracts made by an infant relating to personalty can be avoided during minority as well as after the infant has attained majority; and this right applies to executed as well as to executory contracts."  This rule has certain exceptions, not applicable

to the present action, which relate to those instances where a minor is expressly given the right to make certain contracts. Note cross references under Code (Ann.), § 20-201, and see Code §§ 20-203, -204, -205. In the *Gonackey* case, supra, the court said: "Following the weight of authority on this subject, it has been held by the Supreme Court that while an infant should not be allowed to avoid his contract without making restitution of any money or property which he has received under the contract, yet he is not required to make restitution as a condition precedent to a disaffirmance, unless, at the time of the disaffirmance, he has the fruits of the contract in his possession. If he can not restore, he is not required to do so." In *Southern Cotton Oil Co.* v. *Dukes*, 121 *Ga.* 787, 792 (5) (49 S. E. 788), citing Field on Infants, § 15, the court said: "If an infant has 'lost, expended, or squandered his consideration during his minority, this is nothing more than the law anticipates of him, and he can not be required to purchase the right of reclaiming his own by still further abstractions from his estate. Otherwise the rule would practically strike down the shield which the law, by reason of his inexperience and youth, throws around him.'"

While mindful of the rule that on demurrer the allegations of a pleader must be construed most strongly against him, the following facts seem evident from the amended petition: J. L. Weathers sought to exchange his automobile with the defendant Clyde Owen, who realized that Weathers, the plaintiff, was a minor, and sent his employee or agent, Evans, with the plaintiff to have the exchange made by and through an adult, Gazaway. The plaintiff's Buick, valued at $250, plus $300 in cash, was exchanged for an Oldsmobile, valued at $550, belonging to the defendant. The $300 in cash was obtained by having the plaintiff give a bill of sale on the Oldsmobile to Automobile Financing Inc. and executing to the same a note for $467.40, payment of which was necessary for the plaintiff to regain title to the Oldsmobile. No payments on this note were ever made by the plaintiff and possession of the Oldsmobile was surrendered to the finance company within 30 days after the transaction. Based on these facts, the plaintiff seeks to recover $550 from Owen. Under the authorities previously set forth, the amended petition states a cause of action against Owen. However, it does not appear

that the $300 in cash paid to Owen was actually furnished by the plaintiff, but was obtained by using the Oldsmobile as security, and, in an action based on a disaffirmance of the contract of a minor, such as the present case, recovery is properly limited to the value of the consideration actually furnished by the minor. The doctrine of estoppel, as applied to contracts of a minor in this State, is not applicable here. See the discussion of this doctrine in *Hood* v. *Duren*, 33 *Ga. App.* 203 (125 S. E. 787).

■ The demurrer of the defendant, while first based on the ground that the petition as amended stated no cause of action, was also based on the contention that the amended petition alleged a different cause of action. The petition as amended does not change the cause of action from that originally pleaded. However, the record in the case shows that the defendant did not object to the allowance of the amendment or move to strike it, but instead filed the demurrer as shown above, and in such circumstances, where an amendment is allowed subject to demurrer, and the petition as amended sets forth a cause of action, the petition should not be dismissed on the ground that it shows a new cause of action. In *Laslie* v. *Gragg Lumber Co.*, 184 *Ga.* 794, 803 (193 S. E. 763, 113 A. L. R. 932), the Supreme Court held: "When the amendment last referred to, in the instant case, was offered, the judge passed an order allowing it subject to demurrer. Thereupon the defendants renewed their demurrer to the petition as amended, one ground of which was that the amendment set forth a new cause of action and constituted a complaint different from the one originally sued on; but the record is silent as to any motion to strike the amendment. In such a situation, though the judge allowed it subject to demurrer, since the petition as amended set forth a cause of action, the action should not have been dismissed on the ground that the amendment added a new cause of action. *Dyson* v. *Southern Ry. Co.*, 113 *Ga.* 327 (4) (38 S. E. 749)." Also, see *Whitaker* v. *Magruder*, 60 *Ga. App.* 811, 814 (5 S. E. 2d, 273), where the identical question was before the Court of Appeals, which followed the *Laslie* case.

■ The trial court erred in sustaining the defendant's demurrer, and in dismissing the action.

*Judgment reversed. Felton and Parker, JJ., concur.*