37828. DEVINE *et al. v.* GEIGER *et al.*

DECIDED SEPTEMBER 28, 1959.

*Scott Walters, Jr.,* for plaintiffs in error.

*Sheats, Parker & Webb, Guy Parker,* contra.

QUILLIAN, Judge. ■ The one question for decision is whether the petition as originally drawn or as finally amended, was subject to the defendants' special demurrer. The special demurrer was directed against the bill of particulars annexed to the petition. The attack was upon the whole of the bill of particulars, one item of which was not subject to the criticism that it was vague, indefinite, and uncertain. Sufficiently specific was item 1 of the bill of particulars. It read: "(1) Rent (month of June '56 and from October 15, '56 to November 14, 1956) $400." In the case of *Lime Cola Bottling Co.* v. *Harris Tire Co.,* 23 *Ga. App.* 802 (99 S. E. 540) items reading "Pulling car out of mudhole," "Going out and starting motor," were held to be sufficiently specific and particular. There neither the location of the mudhole from whence the automobile was towed nor the place where it was started was alleged. Here the location of the rented premises was not disclosed. In that case it could be safely assumed that the defendant knew whether the plaintiff removed his automobile from a mudhole and whether he started the same, and that in the event the services were rendered as shown by the bill of particulars, where they were rendered. In the instant case it can be fairly inferred that the defendants knew whether they were indebted to the plaintiffs for rent, as shown by the first item of the bill of particulars, and if the charge was true, where the rented premises were located.

Item one of the bill of particulars was not subject to attack and the ground of the special demurrer that it did not show how the defendants were indebted to the plaintiffs. The petition and annexed bill of particulars clearly showed the action to be a suit on account. It was not necessary that the petition or the bill of particulars disclose whether the account was based upon an expressed or implied contract. "In a suit upon an account, it is sufficient to allege that the defendant is indebted to the plaintiff in a stated amount on an account and to annex to the petition a copy of the account, duly itemized. It is unnecessary to set forth

the grounds upon which the plaintiff claims the defendant to be liable, and this is true whether the defendant is a natural person or a corporation." *Henry Darling, Inc.* v. *Harvey-Given Co.*, 40 *Ga. App.* 771 (1) (151 S. E. 518).

*Washington Water &c. Co.* v. *Pope Mfg. Co.*, 176 *Ga.* 155 (2) (167 S. E. 286) holds: "Where a paragraph in a petition contains matter which may be subject to special demurrer for want of particularity, but also contains matter which is not subject to such objection, a demurrer which attacks the whole paragraph upon such ground, without specifying the objectionable allegations, fails in its office as a critic, and should be overruled."

It follows that the special demurrer which attacked as a whole the bill of particulars attached to the petition as originally drawn should have been overruled.

■ Formerly a party who amended to meet a ruling on a demurrer acquiesced in the ruling and waived the right to complain of the same. Code (Ann.) § 81-1001 contains a provision that abrogates the old rule, and creates a new one. It reads: "Either party who amends or attempts to amend his petition or other pleadings in response to order or other ruling of court shall not be held to have waived his objection to such order or ruling but may thereafter take exception thereto as in other cases."

■ The amendment to the petition added to the suit on account in the same count a suit for damages. The amendment set up a new cause of action. *Pitman* v. *Hodges,* 13 *Ga. App.* 25 (78 S. E. 688). Had a proper objection been made to the amendment it would have been properly disallowed. Where no objection was made to its allowance, the rule is as stated in *Dyson* v. *Southern Ry. Co.,* 113 *Ga.* 327 (4) (38 S. E. 749): "An amendment to a petition adding a new cause of action should not be allowed, and if improvidently allowed may be stricken on motion; but if such an amendment has been regularly allowed and filed, and the petition as amended sets forth a cause of action, the same should not be dismissed on motion on the ground that the amendment adds a new cause of action." A similar holding is found in *Laslie* v. *Gragg Lumber Co.,* 184 *Ga.* 794, 803 (193 S. E. 763, 113 A. L. R. 932).

■ The petition in its final form set forth a valid suit on an account, at least as to the first item of the bill of particulars which was never stricken. The item became as definite as it could have been made, when the contract between the parties was attached as a part of the petition. The contract identified the premises for which the rent was charged and the amount of the monthly rental agreed on. It also disclosed that the obligation to pay the rent arose out of an express contract.

■ The amendments to the petition, though objectionable for reasons we have mentioned and for a variety of other reasons, were not objected to. The last amendment allowed was obviously open to objection and the petition to special demurrer pointing out the duplicity created by pleading the two causes of action in one count. But a special demurrer or objection specifically pointing out the defect was necessary, but as stated, there was no objection to the amendment and no special demurrer pointed out the defect. *Simpson* v. *Jacobs Pharmacy Co.*, 76 *Ga. App.* 232 (2) (45 S. E. 2d 678) ; *Aycock* v. *Williams*, 185 *Ga.* 585 (1) (196 S. E. 54).

To renew a demurrer to a petition as amended raises only the questions as to the petition in its final form that it raised to the petition as originally drafted. *Whitaker* v. *Magruder,* 60 *Ga. App.* 811 (2) (5 S. E. 2d 213) ; *Weathers* v. *Owen,* 78 *Ga. App.* 505 (2) (51 S. E. 2d 584) ; *Aycock* v. *Williams,* 185 *Ga.* 585 (1), supra. The only grounds of demurrer to the petition was that interposed to the bill of particulars set out in its original form, namely that the bill of particulars was vague, indefinite, or failed to show where, how, and when the indebtedness declared on accrued.

The demurrer presented no valid objections to the amended petition, because the body of the petition, together with a copy of the rental contract and bill of particulars attached to the same did allege with reasonable particularity the facts upon which the claim for damages arose.

Whether all of the claims for damages were shown to be a result of a failure of the defendants to comply with the conditions of the rental contract to give possession of the premises at the end of the lease in as good repair as they were when the

contract was entered into, ordinary wear excepted, is another question, not necessary to decide now.

In a suit on account, as in other actions, the petition meets the requirement of the pleading act as to clarity and particularity when the defendant is informed of all facts necessary to enable him to prepare his defenses. *Rhodes* v. *Industrial Finance Corp.,* 64 *Ga. App.* 549, 553 (13 S. E. 2d 883); *Young* v. *Lewis,* 70 *Ga. App.* 627 (29 S. E. 2d 267).

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*